IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-41184
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

WILLIAM D. PICKETT, JR.,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
(1:01-CR-36-ALL)
--------------------
June 14, 2002

Before HIGGINBOTHAM, WIENER, AND BARKSDALE, Circuit Judges.

PER CURIAM:[*]

     Defendant-Appellant William D. Pickett, Jr. appeals the
district court's denial of his motion to dismiss a superseding
indictment in which he was charged with distribution of crack
cocaine.  Pickett previously was tried on the same charge pursuant
to an amended indictment, but the district court sua sponte
declared a mistrial when the jury deadlocked.  Pickett argues that

--------------------

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

a retrial is barred by the Double Jeopardy Clause, contending that the mistrial resulted from prosecutorial misconduct. First, the original prosecution was declared a mistrial only after protracted deliberations and an <u>Allen</u> charge failed to resolve a jury deadlock. The reasons for which the court declared a mistrial had nothing to do with the incident that Pickett characterizes as prosecutorial conduct. Second, that incident was discovered during deliberations when it came to the attention of all parties that one of the jurors was the ex-wife of an uncle of a computer specialist who had rendered technical assistance to the Assistant U.S. Attorney at some point during the trial. And, it was cured by investigation and instructions with the express approval and concurrence of the parties.

The district court did not err in concluding that the government did not intend to provoke a mistrial. Moreover, the conduct relied on by Pickett to support his argument — the presence of the computer technician formerly related by marriage to a juror — does not rise to the level of prosecutorial misconduct, much less misconduct of the magnitude needed to trigger the double-jeopardy bar. <u>See</u> <u>Oregon v. Kennedy</u>, 456 U.S. 667, 678-79 (1982); <u>United States v. Botello</u>, 991 F.2d 189, 192 (5th Cir. 1993).

Pickett also argues that the amendment of the original indictment was improper and untimely. Regardless of merit,

Pickett's challenge to the amendment of the original indictment is not cognizable in this appeal.  See United States v. Weeks, 870 F.2d 267, 270 (5th Cir. 1989) (interlocutory review of motion to dismiss on double jeopardy grounds does not extend to otherwise non-appealable questions).  Accordingly, this issue is unreviewable.

AFFIRMED.